**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARTER COMMUNICATIONS, LLC, | No. 12-57282 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-03648-CAS-PJW |
| v. | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 45, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 5, 2015[**]
Pasadena California

Before: REINHARDT and GOULD, Circuit Judges, and GETTLEMAN, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Charter appeals from the district court's order that denied its motion for summary judgment and confirmed two arbitration awards in favor of the International Brotherhood of Electrical Workers, Local 45. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Charter terminated two employees for violating rules set forth in Appendix D of the collective bargaining agreement (CBA) between Charter and the employees' Union. Article 6, section B of the CBA states that "[t]he parties have agreed to a list of reasonable rules[, incorporated as Appendix D], the violation of which constitute just cause for discipline up to and including discharge." Both arbitrators found that although each employee had violated rules listed in Appendix D, thereby providing just cause for discipline, Charter lacked just cause to impose the specific discipline of termination. Charter filed suit in federal court, seeking vacatur of the arbitration awards. The district court denied Charter's motion for summary judgment, and confirmed the arbitration awards on its own motion.

"It is well-settled that federal labor policy favors the resolution of disputes through arbitration; thus, judicial scrutiny of an arbitrator's decision is *extremely* limited." *S. Cal. Gas Co. v. Utility Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 793 (9th Cir. 2001) (emphasis in original). "[T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor

2

agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.*; *accord S. Cal. Gas*, 265 F.3d at 792.

"An arbitrator should be given substantial latitude in fashioning a remedy under a CBA." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir. 2001) (citing *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960)). Thus, a court must defer to an arbitrator's determination of whether a grievant's misconduct constitutes just cause for the specific discipline of termination, even where the CBA's just cause provision is ambiguous. *See Int'l Ass'n of Machinists v. San Diego Marine Constr. Corp.*, 620 F.2d 736, 738-39 (9th Cir. 1980).

Charter argues that section B of Article 6 provides it just cause to impose any discipline, including termination, in response to violations of rules enumerated in Appendix D, and that the form of discipline it imposes is unreviewable by an arbitrator. It contends that the arbitrators exceeded their authority, and that their awards failed to draw their essence from the CBA.

3

We hold that the arbitrators did not exceed their authority and that their awards did not fail to draw their essence from the CBA. Arbitrator Bickner held that Charter's termination of Ramiro Villareal was subject to a just cause analysis because the CBA "does not state that discharge is always mandated or that the Employer has no obligation to use appropriate discretion in determining discipline for the violation or that the discipline is never subject to review" for just cause. This reasoning, which Arbitrator Zigman adopted in holding that Charter lacked just cause to terminate Richard Moreno, demonstrates that the arbitrators were interpreting the CBA. *Misco*, 484 U.S. at 38. It satisfies the "essence" test because it is not clearly contrary to the CBA's plain language. *See SFIC Properties, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311*, 103 F.3d 923, 924 (9th Cir. 1996) (arbitral award satisfies the "essence" test because it "is not one of those egregious cases in which an arbitrator ignored the plain language of the contract"). *See also San Diego Marine Constr. Corp.*, 620 F.2d at 738-39 (deferring to arbitrator's interpretation of CBA's just cause provision as permitting reduction of discipline to suspension without back pay).

Moreover, Arbitrator Zigman supported his conclusion with additional reasons. He explained that the general practice among arbitrators is to consider just cause when assessing the degree of discipline imposed. *See SFIC Properties*,

4

103 F.3d at 925 ("An award may also be upheld if it is based on the arbitrator's understanding of industry practices."). He also reasoned that (1) harsh results obtain under Charter's interpretation, which would permit discharge for a single overlong rest break, and (2) Charter acknowledged that such discharges could be overturned if found to be "unreasonable." These reasons further demonstrate that Arbitrator Zigman also was interpreting the CBA. *Misco*, 484 U.S. at 38.

Because the arbitrators were, at the very least, "arguably construing or applying the contract and acting within the scope of [their] authority," we have no basis for reversing the district court's order confirming the arbitral awards.

**AFFIRMED.**